IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCIE SOFGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 15-00047-N[1] |
| ) | |
| MODERN WOODMEN OF AMERICA ) | |
| and CORESOURCE, INC., ) | |
| ) | |
| Defendant. ) | |

**<u>ORDER</u>**

The Plaintiff initiated this action in state court, alleging claims for breach of contract and bad faith arising from the denial of benefits under a health insurance policy issued by the Plaintiff's employer, Defendant Modern Woodmen of America, and administered by Defendant CoreSource, Inc. On January 30, 2015, the Defendants removed the Plaintiff's case to this Court, alleging subject matter jurisdiction under, *inter alia*, 28 U.S.C. § 1331. The Defendants argue that federal question jurisdiction is proper because the Plaintiff's state law claims are

---

[1] As the parties have been informed (*see* Docs. 2, 9), this case has been randomly assigned to the undersigned United States Magistrate Judge for all purposes, including trial, in accordance with the Court's Standing Order No. 24 (www.alsd.uscourts.gov/documents/forms/STDO24.pdf). Inasmuch as no party, to date, has returned to the Clerk of Court a Request for Reassignment to a United States District Judge, there presently exists implicit consent to the undersigned conducting all proceedings in this case. *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 1703, 155 L. Ed. 2d 775 (2003) ("We think the better rule is to accept implied consent where, as here, the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the Magistrate Judge. Inferring consent in these circumstances thus checks the risk of gamesmanship by depriving parties of the luxury of waiting for the outcome before denying the magistrate judge's authority. Judicial efficiency is served; the Article III right is substantially honored.").

completely preempted under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA") (*See* Doc. 1). Following removal, the Defendants filed a motion to dismiss the Plaintiff's claims under Fed. R. Civ. P. 12(b)(6), which is also based on the argument that her state law claims are preempted by ERISA. (Doc. 6). The Plaintiff has since filed a motion to amend her complaint (Doc. 13), in which she seeks to drop her state law claims and instead assert claims for benefits due and breach of fiduciary duty under ERISA.

The Defendants' Rule 12(b)(6) motion to dismiss was filed and served on the Plaintiff on February 6, 2015. (Doc. 6). The Plaintiff did not seek to amend her complaint until March 24, 2015 (Doc. 13), more than 21 days after service of the motion to dismiss. Thus, the Plaintiff cannot amend her complaint as a matter of course, *see* Fed. R. Civ. P. 15(a)(1)(B), and may only amend "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be freely given when justice so requires. *Id.*

The Plaintiff admits she has not obtained consent from the opposing party. (*See* Doc. 113 at 2, ¶ 5 ("It is unknown whether the present Defendants have an objection to this motion...")). Thus, the Court must determine whether justice requires granting leave to amend.

> In *Foman v. Davis,* 371 U.S. 178, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962) the Supreme Court declared that trial courts have broad discretion in permitting or refusing to grant leave to amend. *Id.* at 182, 83 S. Ct. 227. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought

2

should, as the rules require, be 'freely given.' " *Id.* *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1270 (11th Cir. 2006). *See also Halliburton & Assocs., Inc. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985) ("Although the decision whether to grant leave is within the discretion of the district court, the rule contemplates that leave shall be granted unless there is a substantial reason to deny it.").

Upon consideration, the Court finds that, unless an opposing party can present a "substantial reason" otherwise, the Plaintiff's motion to amend her complaint (Doc. 13) is due to be granted. Accordingly, it is **ORDERED** that any objection to the Plaintiff's motion (Doc. 13) shall be filed on or before **Wednesday, April 1, 2015**. *If no such objection is filed by that time*, it is **ORDERED** that the motion (Doc. 13) is deemed **GRANTED** without further action by the Court, and Plaintiff shall file her proposed amended complaint (Doc. 13-1) attached to the motion as her operative complaint in this action on or before **Friday, April 3, 2015**, with responsive pleadings to the amended complaint to be filed within the time allowed by the Federal Rules of Civil Procedure.[2]

---

[2] The Plaintiff's motion also asserts that she "voluntarily dismisses or consents to the dismissal of state law claims or damages only allowed under state law after [she] has filed the attached amended complaint and in the event that the Court grants th[e] motion." (Doc. 13 at 2). To the extent she is requesting that her state law claims be dismissed under Fed. R. Civ. P. 41(a)(2) if she is allowed to amend her complaint, such requested relief is **DENIED as MOOT**. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("Rule 41 allows a plaintiff to dismiss all of his claims against a particular defendant; its text does not permit plaintiffs to pick and choose, dismissing only particular claims within an action. 'A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a).' " (quoting 8 Moore's Federal Practice § 41.21[2], at 41–32)); *Campbell v. Altec Indus., Inc.*, 605 F.3d 839, 841 n.1 (11th Cir. 2010) (same); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (per curiam) ("As a general matter, '[a]n amended pleading

**DONE** and **ORDERED** this the 25th day of March 2015.

           */s/ Katherine P. Nelson*
           **KATHERINE P. NELSON**
           **UNITED STATES MAGISTRATE JUDGE**

---

supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.' " (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006) (citation and quotation omitted)).